IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Barton, ) | C/A No.: 1:25-3179-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Micheal A. Frischknecht, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Anthony D. Barton ("Plaintiff"), proceeding pro se and in forma pauperis, brought a complaint pursuant to 42 U.S.C. § 1983 against Aiken County Sheriff's Deputy Micheal A. Frischknecht ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the case without prejudice and without leave for further amendment.

I.      Factual and Procedural Background

Plaintiff is currently detained at Aiken County Detention Center. [ECF No. 10 at 2]. He filed a complaint on April 15, 2025. [ECF No. 1]. On April 24, 2025, the undersigned issued a proper form order and an order and notice. [ECF Nos. 6, 7]. The order and notice advised Plaintiff of deficiencies that

subjected the complaint to summary dismissal. [ECF No. 7]. On May 16, 2025, Plaintiff filed an amended complaint. [ECF No. 10].

In his amended complaint, Plaintiff alleges Defendant arrested him without probable cause and violated his Constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. [ECF No. 10 at 4]. Plaintiff claims Defendant arrested him for "burglarizing his own home" on July 14, 2024. *Id.* at 5, 6.[1] He explains that he and his sons had lived in his mother's house and provided care to his mother as she battled cancer prior to her death. *Id.* at 6.

Plaintiff states his mother died without a final will and testament, and his brother subsequently hired an attorney who initiated proceedings to evict

---

[1] The court takes judicial notice of matters of public record reflected on the state judicial circuit's public index. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record). The public index shows Plaintiff was arrested on July 15, 2024, and charged with malicious injury to animals, personal property, injury value $2,000 or less (Case No. 2024A0210201213, Indictment No. 2024GS0201933), larceny/petit or simple larceny–$2,000 or less (Case No. 2024A0210201214, Indictment No. 2024GS0201936), weapons, possession of weapon during the commission of a violent crime (Case No. 2024A0210201215), bomb/possess, manufacture, transport destructive device or explosive parts for damage, injury or death (Case No. 2024A0210201216, Indictment No. 2024GS0201939), and second degree burglary (violent) (Case No. 2024A0210201217, Indictment No. 2024GS0201941). *See* Aiken County Second Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx (search by Last Name: Barton, First Name: Antonio, Case Nos. 2024A0210201213, 2024A0210201214, 2024A0210201215, 2024A0210201216, and 2024A0210201217).

2

Plaintiff and sell the home. *Id.* He admits he was served with notice of an eviction hearing. *Id.* He claims he subsequently returned to the home to discover his belongings had been removed, the doors had been padlocked, and security cameras had been installed near the windows and doors. *Id.* He appears to claim he was not notified by police or the court that he had been denied access to the house and his belongings. *Id.*

It appears Plaintiff subsequently attempted to enter the house. *Id.* a 7. He states he was "illegally arrested for burglary" and his truck was "illegally search[ed]," leading to discovery of bullets and ammunition, the S.W.A.T. team being called, and him being charged with a "bomb." *Id.*

Plaintiff appears to indicate that because of his allegedly improper arrest, he was "deprived [of his] right to a fair hearing" because the probate court would not have evicted him upon seeing evidence that he sold his land to move into his mother's house and help her. *Id.* at 7, 8. He seems to assert that, but for his arrest, his brother would have been unable to move forward in the probate court to sell the house his mother allegedly intended for him and his sons to receive following her death. *Id.*

Plaintiff requests the court dismiss the burglary charge and all other charges related to his arrest for burglary. *Id.* at 8. He further requests this court order a hearing in the probate court to determine whether the property was unjustly taken from him. *Id.*

3

II.  Discussion

    A.  Standard of Review

Plaintiff filed the amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim

4

on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

 B. Analysis

  1. Failure to State a § 1983 Claim

Plaintiff filed his amended complaint on a form for complaints for violation of civil rights. [ECF No. 10]. To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Iqbal*, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (finding a § 1983 plaintiff must show he suffered a specific injury as a result of specific

conduct of a defendant, and an affirmative link between the injury and that conduct).

Plaintiff states he is suing Defendant under the Fourth, Fifth, Eighth, and Fourteenth Amendments, but he makes only conclusory statements and provides little explanation as to the actions underlying his allegations of Constitutional violations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted." *Iqbal*, 556 U.S. at 678 (citing *Twombley*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 686.

Plaintiff recites no facts to plausibly support the alleged violations of his rights under the Fifth Amendment. The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend V. Plaintiff does not allege he is being held to answer for a capital, or other infamous crime, without having been indicted by a grand jury. In fact, the public index shows Plaintiff was indicted for the crimes for

which he was arrested on July 15, 2024. *See* Aiken County Second Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx (search by Last Name: Barton, First Name: Antonio, Case Nos. 2024A0210201213, 2024A0210201214, 2024A0210201215, 2024A0210201216, and 2024A0210201217). Plaintiff also fails to allege he has been subjected to double-jeopardy, been compelled to be a witness against himself, or that his property was taken from him for public use, without just compensation. To the extent Plaintiff alleges his mother's property was taken from him without due process of law, Defendant did not act personally in depriving Plaintiff of his due process rights in the probate court.

Plaintiff also fails to recite facts to support the alleged violation of his Eighth Amendment rights. The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Plaintiff does not allege Defendant has imposed upon him an excessive bail, an excessive fine, or cruel or unusual punishment. Thus, he has not sufficiently alleged Defendant violated his Eighth Amendment rights.

Plaintiff alleges Defendant violated his rights under the Fourteenth Amendment, but he does not specify which rights Defendant violated or which, if any, of Defendant's actions caused the alleged deprivation. To the extent Plaintiff alleges he was denied due process in the probate court because of his

7

arrest, this argument is too attenuated to support a claim, as Defendant did not act personally in depriving Plaintiff of his due process rights in the probate court.

Although Plaintiff asserts Defendant arrested him without probable cause in violation of the Fourth Amendment, he does not allege sufficient facts to support such a claim. Plaintiff was warned his original complaint lacked sufficient facts to support the alleged Fourth Amendment violation. *See* ECF No. 7 at 5–6. While Plaintiff provided more details in the amended complaint than in the original complaint, the alleged facts provide no greater support for his Fourth Amendment claim.

Plaintiff appears to admit he had been evicted from his mother's home prior to his arrest, the house had been secured to prevent him from reentering it, and he was arrested for attempting to enter it. *See* ECF No. 10 at 6, 7 (noting his brother's attorney had "proceeded to have Plaintiff evicted from his place of residen[ce]," Plaintiff had been "served notice of an eviction hearing," the house was secured with padlocks and security cameras, and he was arrested at the house). Thus, the allegations in Plaintiff's complaint suggest Defendant had probable cause to arrest him for burglary.

As noted above, Plaintiff was subsequently indicted by a grand jury for burglary, in addition to other crimes committed on the same date. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims

8

for false arrest and malicious prosecution under § 1983. *See Gatter v. Zappile*, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d. Cir. 2000); *Odom v. Roberts*, No. 6:12-2452-TMC-JDA, 2012 WL 4061679, at *2 (D.S.C. Aug. 27, 2012), *report and recommendation adopted by* 2012 WL 4059916 (Sept. 14, 2012); *Jarvis v. Griffin*, No. 3:23-MGL-SVH, 2023 WL 3742295, at *2 (D.S.C. May 9, 2023), *report and recommendation adopted by* 2023 WL 3737917 (May 31, 2023).

In light of the foregoing, Plaintiff's § 1983 claim is subject to summary dismissal.

        2.        Inability to Provide Requested Relief

Even if Plaintiff had stated a cause of action under § 1983, the facts he presents do not permit the court to provide the relief he requests. Plaintiff first requests the court dismiss the burglary charge and all other charges related to his arrest for burglary. *Id.* at 8. Such relief is not available pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus in the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983).

In addition, the court is required to abstain from interfering in Plaintiff's criminal case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*,

the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The first criterion is met, as Plaintiff's representations in his complaint and amended complaint and the information available on the public index show he is involved in ongoing state criminal proceedings. The second criterion is also met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criterion, the Fourth Circuit has noted "'that ordinarily

a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff may present arguments as to the validity of the charges against him as part of his defense in the ongoing criminal case. Therefore, this court should abstain from acting based on the *Younger* criteria.

Plaintiff's second request is that the court order a hearing in the probate court to determine whether the property was unjustly taken from him. This court is barred from providing such relief to Plaintiff based on both the *Rooker-Feldman* doctrine and the probate exception to federal jurisdiction. *See Kurowski v. Kurowski*, No. 8:19-1494-TMC, 2019 WL 4307511 (D.S.C. June 4, 2019, *report and recommendation adopted by* 2019 WL 3162403 (July 16, 2019), *aff'd*, 791 F. App'x 407 (4th Cir. 2020).

Under the *Rooker-Feldman* doctrine, the district court may not review findings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends to issues decided by a state court, as well as those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731

(4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition applies to constitutional challenges. *See Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011). The *Rooker-Feldman* doctrine recognizes that only the United States Supreme Court may exercise jurisdiction over appeals from final state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *see also* 28 U.S.C. § 1257. Because Plaintiff is challenging a determination by the probate court to take the property from him, his claim is subject to summary dismissal.

The Supreme Court has declared: "The probate exception reserves to state probate courts the probate or annulment of a will and administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12. Plaintiff is requesting this court interfere in the administration of his mother's estate. Administration of Plaintiff's mother's estate is reserved to the state probate court, and this court is precluded from interfering under the probate exception.

In light of the foregoing, the undersigned recommends the district judge summarily dismiss the case based on the court's inability to intervene in the state court proceedings and provide the requested relief.

III.    Conclusion and Recommendation

The undersigned recommends the court dismiss the case without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The undersigned further recommends the court deny Plaintiff leave for further amendment, as amendment would be futile.

IT IS SO RECOMMENDED.

May 20, 2025                                             Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

13

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).