IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Anthony D. Barton,<br><br>               Plaintiff,<br><br>vs.<br><br>Michael A. Frischknecht,<br><br>               Defendant. | Civil Action No. 1:25-cv-3179-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C. § 1983. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 17. On May 20, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Amended Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff timely filed objections. ECF No. 22.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915, which allows a court to dismiss a case in which the litigant has not paid the filing fee if the action fails to state a claim on which relief may be granted, is frivolous, or is malicious. ECF No. 20 at 4. The Magistrate Judge recommends dismissing claims in the instant case because Plaintiff fails to state a claim under 42 U.S.C. § 1983 for a constitutional violation. *Id.* at 5-9. In addition, she recommends dismissal under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971), as the court cannot dismiss state charges and should abstain from interfering in Plaintiff's state criminal case. *Id.* at 9. Finally, the Report considered Plaintiff's request that this court order a hearing in probate court, and determined such a claim is disallowed under the *Rooker-Feldman* doctrine and the probate exception to federal jurisdiction. *Id.* at 11.

Plaintiff objects to the Report, asserting the court must forward the provided summons to the U.S. Marshal for issuance and service of process because he has been granted leave to file *in forma pauperis*. ECF No. 22 at 1. He asserts he is "entitled to the service." *Id.* at 2. He requests the court order the summons forwarded to the Marshal for service "or suspend the granting of his motion for leave to proceed *in forma pauperis* because the court will not make him pay for a service this court is federally constitutionally obligated to perform." *Id.* He asserts the court can "either follow the law itself or just cancel the granting of leave for proceed *in forma pauperis*." *Id.*

2

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings, the court agrees with the Report's recommendation the matter should be summarily dismissed. Plaintiff was granted permission to proceed *in forma pauperis*, which implicates federal statute § 1915 for review prior to service. Section 1915(e)(2)(B)(ii) states "the court shall dismiss the case at any time if the court determines that – the action – fails to state a claim on which relief may be granted." The Magistrate Judge has determined, and this court agrees, Plaintiff's claims fail to state a claim upon which relief may be granted for the above reasons. Accordingly, pursuant to § 1915, the case must be dismissed (see Congress' use of the word "shall"). *See also Neitzke v. Williams,* 490 U.S. 319, 324 (1989) ("§1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.").

Plaintiff appears to request his *in forma pauperis* status be rescinded so his case can proceed to service. Accordingly, the court will allow 21 days for Plaintiff to pay the filing fee in full. If he does, this matter will be re-referred to the Magistrate Judge for pre-trial proceedings. However, if he fails to timely pay the filing fee, this matter shall be dismissed pursuant to § 1915. The court recommends Plaintiff be mindful of the well-reasoned analysis of the Magistrate Judge that his claims may not be sustainable even if service is accomplished.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 17, 2025